# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN MARK WAGGONER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV749 TCM |
| ) | |
| KEITH SCHAFER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and on Petitioner's response to the Court's order to show cause why this action should not be dismissed. Upon review of the case file, the Court has determined that this action should be summarily dismissed.

On December 12, 2000, Petitioner was adjudicated not guilty by reason of insanity by the Circuit Court for Audrain County on two charges of unlawful use of a weapon. Petitioner was turned over to the Missouri Department of Mental Health for civil commitment. Since his civil confinement began, Petitioner has filed four petitions for unconditional release in state court. Petitioner's third petition was denied sometime in 2009 by the Circuit Court for Audrain County. Petitioner's fourth petition is still

pending before the Circuit Court for Cole County.[1] Although he was denied unconditional release in 2009, it appears that he was granted conditional release. According to the exhibits attached to Petitioner's response to the Court's order to show cause, it appears that Petitioner was taken to a psychiatric facility on December 28, 2010, for allegedly attempting to commit suicide and for shooting at police officers from his home. Petitioner's conditional release was revoked by the Circuit Court for Cole County on January 3, 2011.

Petitioner filed his original petition for writ of habeas corpus in this case under 28 U.S.C. § 2241. Because it appeared that Petitioner was attempting to challenge a state court judgment, the Court ordered Petitioner to file an amended petition using the standard form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner timely filed an amended petition. The Court reviewed the amended petition but found that it could not be determined from the face of the petition what state court judgment Petitioner was attempting to challenge. The petition was drafted so that it appeared that Petitioner was attempting to challenge either the 2009 denial of unconditional release or the denial of unconditional release currently pending before the Cole County Circuit Court. The Court noted that a challenge to the 2009 decision

---

[1]Cole County, Missouri, is located in the Western District of Missouri. 28 U.S.C. § 105(b)(4).

would be time-barred, and the Court further noted that a challenge to the pending case would have to be dismissed for failure to exhaust state court remedies. The Court ordered Petitioner to show cause why the action should not be dismissed, and the Court further ordered that Petitioner clarify what state court judgment he was attempting to challenge. The Court warned Petitioner that failure to comply with the Court's Order could result of the dismissal of his case.

Petitioner has failed to comply with the Court's Order. In his response, Petitioner merely states that the Cole County Circuit Court is the court where his conditional release was revoked, and he complains that he has not been given a "court date" for his pending request for unconditional release.

Rule 41 of the Federal Rules of Civil Procedure provides that the Court may dismiss an action if a petitioner fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). In this action, Petitioner has both failed to prosecute his case and failed to comply with a court order. Petitioner has failed to prosecute because he has not drafted his petition or amended petition in a manner that shows what judgment he is attempting to challenge. And Petitioner has failed to comply with the Court's Order directing him to cure the defects in his petition. As a result, the Court will dismiss this action, without prejudice, pursuant to Rule 41(b).

Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 1st day of July, 2011.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE